**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRANSVALOR AMERICAS CORP<br>17 North State Street<br>Chicago, IL 60602,<br><br>        Plaintiff,<br><br>   v.<br><br>L. FRANCIS CISSNA, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>KIRSTJEN M. NIELSEN, Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>KATHY A. BARAN, Director<br>U.S. Citizenship and Immigration Services<br>California Service Center<br>24000 Avila Road<br>Laguna Niguel, CA 92677,<br><br>        Defendant. | Civil Action No. 18-1002 |

## **COMPLAINT**

### Introduction

1. Plaintiff Transvalor Americas Corp ("Transvalor") challenges the unlawful denial of its nonimmigrant petition seeking approval of H-1B classification on behalf of Mr. Sergio Rodriguez Ortega under 8 U.S.C. § 1101(a)(15)(H).

2. Transvalor is a wholly-owned U.S. subsidiary of Transvalor S.A., which provides computer-aided engineering simulation software to industrial customers throughout the world. The company's products enable accurate simulation of processes such as forging, casting, metal

cold forming, and injection molding, and thereby allow customers to optimize production designs and anticipate problems before they occur.

3. Plaintiff Transvalor was founded in 2010 to serve the company's growing North American client base, which at the time of filing included industry leaders such as Steel Dynamics, Arkansas Steel, Scot Forge, PCC Precision Cast Parts, Schaeffler Group North America, Carpenter, Technology Corp, Stanley Works, and Dana Incorporated.

4. As described in its initial petition to U.S. Citizenship and Immigration Services ("USCIS"), Transvalor seeks to hire a Technical Support Engineer to "provide existing and potential customers with reliable solutions relating to the integration and operation issues associated with material forming simulations built on the Transvalor S.A. material forming simulation software portfolio." Classified in the Mechanical Engineer occupation, the role's minimum requirements included "attainment of a Bachelor's degree, or equivalent, in Mechanical Engineering, Material Engineering, Computer Science, and Finite Elements Analysis, or related."

5. On January 18, 2018, USCIS denied the H-1B petition on the sole ground that "the record does not contain sufficient evidence to support your assertion that the beneficiary will occupy a position of mechanical engineer at your own location." *See* Ex. 2 (January 18, 2018 Notice from USCIS).

6. USCIS' denial of the petition is unsupported by substantial evidence in the record. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

7. Transvalor seeks an order overturning the denial and requiring USCIS to adjudicate and approve its H-1B nonimmigrant petition.

**Jurisdiction and Venue**

8. This is a civil action brought under 5 U.S.C. § 701 *et seq.*, the Administrative Procedure Act ("APA"), and 8 U.S.C. § 1101 *et seq.*, the Immigration and Nationality Act ("INA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction), and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

9. Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

**Parties**

10. Plaintiff Transvalor is a Delaware corporation headquartered in Chicago, IL.

11. Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition Transvalor filed on behalf of Mr. Rodriguez Ortega.

12. Defendant L. Francis Cissna is the Director of USCIS. He has ultimate responsibility for the denial of Transvalor's petition and is sued in his official capacity.

13. Defendant Kirstjen M. Nielsen is the Secretary of DHS, and is sued in her official capacity.

14. Defendant Kathy A. Baran is the Director of the California Service Center, and is sued in her official capacity. She leads the specific office within USCIS that adjudicated Transvalor's petition.

**Legal Framework**

15. The INA provides H-1B classification for foreign nationals, in pertinent part, "coming temporarily to the United States to perform services… in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H).

16. A specialty occupation is a position that requires a theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation. 8 U.S.C. § 1184(i)(1).

17. DHS regulations define specialty occupation to mean "an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii).

18. Implementing regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A) further provide that a position will satisfy the statutory definition of specialty occupation if it meets one of the following criteria:

- A baccalaureate or higher degree or equivalent is normally the minimum requirement for entry into the particular position;

- Degree requirement is common in industry in parallel positions among similar organizations or the particular position is so complex or unique that a degree is

required;

- Employer normally requires a degree or equivalent; or

- Nature of specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with attainment of degree.

**Factual Allegations**

19. USCIS accepted a cap-subject[1] H-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Mr. Sergio Rodriguez Ortega on April 11, 2017.

20. Mr. Rodriguez earned a Master of Engineering degree from the Illinois Institute of Technology in Mechanical and Aerospace Engineering in December 2015, and Plaintiff hired Mr. Rodriguez in the role of Technical Support Engineer directly after graduation from his Master's program.

21. Mr. Rodriguez is still with Transvalor in this role, and works pursuant to a period of Optional Practical Training granted to graduates who find employment directly related to their major areas of study. This work authorization will expire August 15, 2018, and there is no option to extend under his current nonimmigrant classification.

22. Plaintiff sought to employ Mr. Rodriguez temporarily in the same position of Technical Support Engineer, which would require him to draw upon his formal education in Mechanical Engineering to assist customers with material forming simulations created with the Plaintiff's simulation software.

23. USCIS issued a Request for Evidence ("RFE") on August 18, 2017, and called for additional evidence that the position offered to the beneficiary meets the requirements for a specialty occupation. *See* Ex. 1 (August 18, 2017 Notice from USCIS).

---

[1] The H-1B visa has an annual numerical limit "cap" of 65,000 visas each fiscal year. The first 20,000 petitions filed on behalf of beneficiaries with a U.S. master's degree or higher are exempt from the cap.

24. Plaintiff submitted its timely response on November 7, 2017, and along with a range of documentary evidence attached a support letter from Bruno Castejon, the company's President and Chief Executive Officer. This letter provided more detailed explanations of the beneficiary's proposed day-to-day job duties and the company's minimum requirements for the role, and tied these requirements to both the Mechanical Engineer occupation generally and the company's highly technical products specifically.

25. USCIS denied Plaintiff's petition on January 18, 2018. The denial asserts that the support letter included with the initial petition stated that Plaintiff engages in the "distribution and services of Transvalor S.A.'s products" and "did not explain as of why you need the service of a mechanical engineer while your nature of business is distribution and technical support." In its analysis of the position, the denial further states that "[t]here is no evidence to support that the beneficiary would have actually analyzed, designed, tested, and built prototype of Transvalor's products," and that "it appears that your organization has engaged in the sales and distribution rather than designing the claimed forming products. As such, the requested mechanical engineering services appear to be not consistent with the needs of your organization." The decision claims that Plaintiff did not adequately establish "how the application of mechanical engineering in the proposed duties rises to the level of special or advanced that the knowledge must be obtain through the completion of at least a four-year degree in mechanical engineering," and ultimately concludes that Plaintiff did not establish eligibility under any of the four factors enumerated by regulation.

26. Unless the Court vacates the denial of Transvalor's H-1B petition, the company will lose the services of a valuable employee in the United States.

**Exhaustion**

27. The January 18, 2018, denial by USCIS of Transvalor's petition constitutes a final agency action under the APA, 5 U.S.C. § 701, *et seq*. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

28. Under 5 U.S.C. §§ 702 and 704, Transvalor has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## CAUSE OF ACTION

## COUNT I

**Administrative Procedure Act Violation (5 U.S.C. § 706)**

29. Plaintiff incorporates the allegations set forth in the preceding paragraphs.

30. Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

31. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record.

## REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

1. Declare the Defendants' denial of Transvalor's H-1B petition is unlawful.

2. Vacate the denial and order Defendants to promptly approve the nonimmigrant petition.

3. Award Plaintiff its costs in this action; and

4. Grant any other relief that this Court may deem proper.

Dated: April 27, 2018       MORGAN, LEWIS & BOCKIUS LLP

                By: /s/ Eric S. Bord
                  Eric S. Board (DC Bar No. 429350)
                  eric.bord@morganlewis.com
                  Eleanor Pelta (DC Bar No. 418076)
                  [Admission pending]
                  eleanor.pelta@morganlewis.com

                1111 Pennsylvania Avenue, NW
                Washington, DC  20004
                Telephone: +1.202.739.3000
                Facsimile: +1.202.739.3001

                Attorneys for Plaintiff